1    Nina Rabin, AZ Bar #025246
2    Workers' Rights Clinic
3    James E. Rogers College of Law, Univ. of Arizona
4    1145 N. Mountain Ave.
5    Tucson, AZ 85719
6    Telephone: (520) 621-9206
7    Fax: (520) 626-5233
8    rabin@email.arizona.edu
9
10   Attorney for Plaintiff Maria del Carmen Muñoz

11

12                 **UNITED STATES DISTRICT COURT**

13                    DISTRICT OF ARIZONA

14

15 _____

| | |
|---|---|
| 16 | ) |
| 17   MARIA DEL CARMEN MUÑOZ, | ) |
| 18 | )   Case No. _____ |
| 19      Plaintiff, | ) |
| 20 | )   COMPLAINT FOR |
| 21      v. | )   VIOLATIONS OF THE FAIR |
| 22 | )   LABOR STANDARDS ACT |
| 23   SWAMI CORPORATION, HASMUKH PATEL, | )   AND ARIZONA LAW |
| 24   AND LILABEN PATEL. | ) |
| 25 | ) |
| 26      Defendants. | ) |
| 27 | ) |
| 28 | ) |

_____

29

30

31                        **<u>INTRODUCTION</u>**

32   1.   This is an action by Plaintiff Maria del Carmen Muñoz ("Ms. Muñoz") against her

33       former employers, Hasmukh Patel, Lilaben Patel, a married couple, and Swami

34       Corporation (hereinafter together referred to as "Defendants").  For approximately

35       fifteen years, Ms. Muñoz worked as a housekeeper at Defendants' hotel until her

36       unlawful termination on January 16, 2014.  During her entire period of

37       employment with Defendants, Ms. Muñoz regularly earned less than the federal

1 and state minimum hourly wage, worked over forty hours each week, did not

2 receive overtime compensation, and was not compensated for all of the hours she

3 worked. On January 16, 2014, Ms. Muñoz alerted her employers that her

4 paycheck did not include compensation for all of the rooms that she had cleaned

5 in the preceding pay period. In response, her employer unlawfully terminated her

6 employment in retaliation for requesting her unpaid wages.

7 2. Ms. Muñoz brings this action in order to recover damages arising out of

8 Defendants' willful violation of the Fair Labor Standards Act ("FLSA"), 29

9 U.S.C. § 201, *et seq.*, Arizona's Wage Payment Law, A.R.S. § 23-350, *et seq.*,

10 Arizona's Minimum Wage Law, A.R.S. § 23-362, *et seq.*, and Arizona's

11 Employment Protection Act, A.R.S. § 23-1501, *et. seq.*

12 3. Specifically, Ms. Muñoz seeks remedies for payment at a rate that was less than

13 the Arizona or federal minimum wage, failure to pay overtime wages, and

14 unlawful retaliation, including liquidated, compensatory and punitive damages,

15 prejudgment interest, and costs and attorneys' fees, as provided by law.

16

17     **<u>JURISDICTION AND VENUE</u>**

18 4. This complaint alleges causes of action under the Fair Labor Standards Act, 29

19 U.S.C. § 201 *et seq.*  Accordingly, this Court has jurisdiction pursuant to 28

20 U.S.C § 1331.  This complaint also alleges causes of action under Arizona state

21 laws that arise out of the same set of operative facts as the federal causes of

22 action.  Accordingly, this Court has supplemental jurisdiction over the state

23 claims pursuant to 28 U.S.C. § 1367(a).

1    5.   Venue is proper in the District of Arizona under 28 U.S.C. § 1391(b) and (c),

2         because Defendants conduct business in this District and because Defendants failed

3         to pay Plaintiff wages for services performed in Arizona.

4                                              **PARTIES**

5    6.   Plaintiff Ms. Muñoz is an individual who, at all times relevant to the instant

6         action, was and is a resident of Pima County in the State of Arizona.  Ms. Muñoz

7         was an employee of Defendants for approximately fifteen years, where she

8         worked as a housekeeper of their hotel, until Defendants terminated her

9         employment on January 16, 2014.

10   7.   Defendant Swami Corporation is a for profit company, registered in the State of

11        Arizona, currently doing business as Econo Lodge, located at 1136 N. Stone

12        Avenue, Tucson, AZ 85705.

13   8.   Defendant Hasmukh Patel, a natural person and resident of Tucson, Arizona, is

14        the Director, President, Chief Operating Officer, and Treasurer of Defendant

15        Swami Corporation.  He has the authority to oversee all business decisions and

16        operations, including payroll, the maintenance of business records, and the

17        supervision, hiring, and firing of staff.  He is the husband of Defendant Lilaben

18        Patel.

19   9.   Defendant Lilaben Patel, a natural person and resident of Tucson, Arizona, is the

20        Director and Secretary of Defendant Swami Corporation.  She has the authority to

21        oversee all business decisions and operations, including payroll, the maintenance

22        of business records, and the supervision, hiring, and firing of staff.  Ms. Patel

23        directly managed the terms and conditions of Ms. Munoz's employment and

1    terminated Ms. Muñoz on January 16, 2014. She is the wife of Defendant

2    Hasmukh Patel.

3

4                              **FACTUAL ALLEGATIONS**

5    10. Ms. Muñoz was employed as a housekeeper by Defendants for their hotel at 1136

6         N. Stone Avenue, in Tucson, Arizona, for approximately fifteen years.

7         Throughout her employment, she was responsible for all aspects of cleaning the

8         rooms of hotel guests and replacing complimentary items left in guest rooms.  Ms.

9         Muñoz was also often required to perform additional cleaning, maintenance, and

10        laundry tasks at the hotel.

11   11. Ms. Muñoz was directly supervised by Defendant Lilaben Patel, who told Ms.

12        Muñoz which rooms to clean, directed the manner in which she cleaned them, and

13        ordered her to complete tasks in addition to housekeeping.  Defendant Lilaben

14        Patel also disciplined Ms. Muñoz for perceived errors in her work, constantly

15        berated her, and often grabbed her, pushed her, and shook her by the arm.

16   12. During her approximately fifteen years of employment, Ms. Muñoz was the sole

17        housekeeper regularly employed by Defendants, with the responsibility for

18        cleaning all the hotel's rooms.

19   13. Defendants own and operate a hotel that is a franchise of an international chain,

20        serving guests who travel from other states and countries.

21   14. Throughout Ms. Muñoz's employment with Defendants and for the period

22        relevant to the instant action, her hours routinely exceeded forty per week.

1    15. Ms. Muñoz was paid based solely on the number of rooms that she cleaned.

2        Between mid-November 2013 and January 2014, she was paid at a rate of $3.50

3        per room.  Prior to November 2013 for a period of approximately five years, she

4        was paid at a rate of $3.25 per room. Prior to earning $3.25 per room, Defendants

5        paid Ms. Muñoz between $2.65 and $3.15 per room.  These wages amounted to

6        less than the minimum wage required by the FLSA and Arizona Law at all times

7        relevant to this action.

8    16. Ms. Muñoz was often required to complete tasks in addition to cleaning guests'

9        rooms.  She was not compensated for the time it took her to complete these

10       activities.

11   17. On January 16, 2014, Ms. Muñoz received a paycheck that did not include

12       compensation for all of the rooms she had cleaned in the preceding pay period.

13       Ms. Muñoz informed Defendant Lilaben Patel of the mistake and requested

14       payment for all the rooms she had cleaned.  In retaliation for Ms. Muñoz's request

15       for her wages, Defendant Lilaben Patel unlawfully terminated Ms. Muñoz's

16       employment.

17   18. Defendants did not provide complete documentation of Ms. Muñoz's wage or

18       hours upon request by Ms. Munoz's representative and failed to accurately

19       maintain these records.

20   19. On information and belief and at all times relevant hereto, Defendants failed to

21       post notices as required by the Arizona Minimum Wage Law.

22   20. Defendants willfully ignored the possibility that federal and state law required

23       their employees to be paid the minimum wage or overtime.

1    21. By willfully failing to pay overtime wages, Defendants enjoy ill-gained profits at

2        the expense of Ms. Muñoz.

3    22. At all relevant times hereto, Defendant Swami Corporation has been an enterprise

4        engaged in commerce in that it has had an annual gross volume of sales or

5        business of not less than $500,000 a year and it has had two or more employees

6        handling, selling, or otherwise working on goods or materials that have been

7        moved in or produced for commerce.

8    23. At all times relevant hereto, Ms. Muñoz has been an individual engaged in

9        commerce in that she has directly participated in the movement of people or

10       things in commerce by working for an instrumentality of interstate commerce.

11    24. All defendants have been, at all times relevant hereto, Ms. Muñoz's employers

12       within the meaning of the FLSA, 29 U.S.C. § 203(d) and A.R.S. §§ 23-350, 362

13       and are jointly and severally liable to Ms. Muñoz for violations of her rights under

14       the FLSA and Arizona law.

15

16                  **<u>FIRST CLAIM FOR RELIEF:</u>**

17   **FAILURE TO PAY THE MINIMUM WAGE AND OVERTIME AND FAILURE**

18   **TO MAINTAIN RECORDS IN VOLATION OF THE FLSA, 29 U.S.C. § 201 *et seq.***

19    25. Ms. Muñoz hereby re-alleges and incorporates by reference the preceding

20       paragraphs as if they were set forth again herein.

21    26. Section 206 of the FLSA, 29 U.S.C. § 206(a)(1)(C), establishes the right of

22       employees to receive a wage that is not less than $7.25 per hour.

1    27. Section 207 of the FLSA, 29 U.S.C. § 207, establishes the right of all persons who

2          are "suffered or permitted to work" to have their employer pay the correct

3          overtime rate for all hours worked in excess of forty hours in a workweek.

4    28. Section 211 of the FLSA, 29 U.S.C. § 211(c), requires employers to maintain

5          records of the hours worked and wages earned by their employees.

6    29. Throughout her employment, Defendants paid Ms. Muñoz less than $7.25 per

7          hour, in violation of 29 U.S.C. § 206(a)(1)(C).

8    30. Throughout her employment, Ms. Munoz regularly worked more than forty hours

9          per week, and Defendants failed to pay Ms. Muñoz wages at the overtime rate for

10         these hours, in violation of 29 U.S.C. § 207(a)(1).

11    31. Defendants did not maintain accurate records of Ms. Muñoz's hours worked or

12         wages earned, as required by 29 U.S.C. § 211(c).

13    32. Defendants acted neither in good faith nor with reasonable grounds to believe that

14         their actions and omissions were not a violation of the FLSA.

15    33. Because Defendants' violations of the FLSA demonstrated reckless disregard for

16         the requirements of FLSA, their violations of FLSA were willful.

17    34. Ms. Muñoz has been harmed as a result of Defendants' violations of the FLSA,

18         including loss of earnings and emotional distress, all of which will be proven at

19         trial.

20    35. Based on the foregoing and pursuant to 29 U.S.C. § 216(b), Ms. Muñoz seeks

21         unpaid wages at the required legal rate for all of her working hours during the

22         relevant time period, liquidated damages, prejudgment interest, attorneys' fees and

23         litigation costs, and all other costs, penalties and damages allowed by law.

1

2 **<u>SECOND CLAIM FOR RELIEF:</u>**

3 **FAILURE TO PAY THE MINIMUM WAGE AND FAILURE TO**

4 **MAINTAIN RECORDS AND TO POST NOTICES IN VIOLATION OF**

5 **THE ARIZONA MINIMUM WAGE ACT, A.R.S. 23-362 *et seq.***

6 36. Ms. Muñoz hereby re-alleges and incorporates by reference the preceding

7   paragraphs as if they were set forth again herein.

8 37. The Arizona Minimum Wage Act, A.R.S. § 23-363(A) and (B), establishes the

9   minimum wage that employers in Arizona must pay to their employees.

10 38. Section 364(D) of the Minimum Wage Act, A.R.S. § 23-364(D), requires

11   employers to post notices informing employees of their rights under the Act.

12 39. Section 23-364(D) of the Minimum Wage Act, A.R.S. § 23-364(D) requires

13   employers to maintain records of their employees' wages earned and hours

14   worked for four years and establishes a rebuttable presumption that the employer

15   did not pay the minimum wage if the employer fails to maintain such records.

16   Section 23-364(D) further requires that the employer permit the employee or her

17   representative to "inspect and copy" payroll records upon request.

18 40. Defendants paid Ms. Muñoz less than the applicable minimum wage during all

19   times relevant hereto.

20 41. Defendants failed to post the notices required by A.R.S. § 23-364(D).

21 42. Defendants failed to maintain records of Ms. Muñoz's wages and hours or to

22   disclose those records when they were requested by her representative.

1    43. Defendants' failure to maintain accurate payroll records for Ms. Muñoz raises the

2        rebuttable presumption that Ms. Muñoz was not paid the minimum wage.

3    44. Defendants' violations of the Arizona Minimum Wage Act were a part of a

4        continuing course of conduct throughout Ms. Muñoz's entire employment with

5        Defendants.

6    45. Defendants were willful in that they demonstrated reckless disregard for the

7        requirements of the Act.

8    46. Ms. Muñoz has been harmed as a result of Defendants' violations of the Act,

9        including loss of earnings and emotional distress, all of which will be proven at

10       trial.

11    47. Based on the foregoing and pursuant to A.R.S. § 23-364, Ms. Muñoz seeks unpaid

12       wages at the required legal rate for all of her working hours during the relevant

13       time period, double damages, prejudgment interest, attorneys' fees and litigation

14       costs, and all other costs, penalties and damages allowed by law.

15

16                **THIRD CLAIM FOR RELIEF:**

17     **FAILURE TO MAKE TIMELY WAGE PAYMENTS IN VIOLATION OF**

18        **ARIZONA'S WAGE PAYMENT LAWS, A.R.S. § 23-350** *et seq.*

19    48. Ms. Muñoz hereby re-alleges and incorporates by reference the preceding

20       paragraphs as if they were set forth again herein.

21    49. A.R.S. § 23-351(C)(3) requires that employers pay all wages due, including

22       overtime wages, no later than sixteen days after the most recent pay period.

1   50. Throughout her entire period of employment, Defendants paid Ms. Muñoz less

2        than the minimum wage as mandated by the FLSA and the Arizona Minimum

3        Wage Act and they did not pay her overtime for the hours she worked in excess of

4        forty per week.

5   51. Ms. Muñoz has been harmed as a result of the Defendants' violation of A.R.S. §

6        23-351(C)(3), including loss of earnings and emotional distress, which will be

7        proven at trial.

8   52. Based on the foregoing, Ms. Muñoz seeks damages pursuant to A.R.S. § 23-

9        355(A).

10

11                          **FOURTH CLAIM FOR RELIEF:**

12              **UNLAWFUL TERMINATION IN VIOLATION OF ARIZONA'S**

13                **EMPLOYMENT PROTECTION ACT, A.R.S. § 23-1501**

14  53. Ms. Muñoz hereby re-alleges and incorporates by reference the preceding

15        paragraphs as if they were set forth again herein.

16  54. A.R.S. § 23-1501(A)(3)(c) prohibits an employer from terminating an employee

17        in retaliation for the employee's disclosure of an employer's violation of Arizona

18        law to the employer or to a public agency.

19  55. On January 16, 2014, Ms. Muñoz told Defendant Lilaben Patel that her paycheck

20        did not include payment for all of the rooms that she had cleaned and requested

21        that she be properly paid.  In retaliation for Ms. Muñoz's request for proper

22        payment of her wages, defendant Lilaben Patel terminated Ms. Muñoz's

23        employment in violation of A.R.S. § 23-1501(A)(3)(c).

1    56. Ms. Muñoz has been harmed as a result of this unlawful retaliation by

2         Defendants, including loss of earnings and emotional distress, which will be

3         proven at trial.

4

5                                    **PRAYER FOR RELIEF**

6    *WHEREFORE, Plaintiff respectfully requests that this Court:*

7    A.   Award Ms. Muñoz damages for unpaid overtime, minimum wage, plus

8         liquidated damages in an equal amount, plus compensatory and punitive

9         damages as provided by the FLSA, 29 U.S.C. § 216(b), and interest, in an

10        amount to be determined at trial;

11   B.   Award Ms. Muñoz twice the full amount of wages owed in violation of

12        Arizona's Minimum Wage Act, as provided by A.R.S. § 23-364(G), and interest,

13        in an amount to be determined at trial and assess civil penalties pursuant to

14        A.R.S. § 23-364(F);

15   C.   Award Ms. Muñoz three-times the full amount of wages owed, as provided by

16        A.R.S. § 23-355(A), and interest, in an amount to be determined at trial;

17   D.   Award attorneys' fees and costs to Ms. Muñoz for legal services provided by the

18        University of Arizona pursuant to 29 U.S.C. § 216(b), A.R.S. § 12-341 *et seq.*;

19   E.   Grant such additional and further relief as the Court deems just and proper.

20

1              **<u>DEMAND FOR JURY TRIAL</u>**

2              Ms. Muñoz hereby demands a jury trial on all causes of action and claims with

3      respect to which she has a right to jury trial.

4
5      Tucson, AZ
6      July 10, 2014
7
8                                      Respectfully submitted,
9
10                              BY: _____/s/_____
11                                      Nina Rabin
12                                      Attorney for Plaintiff